**IN UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

| | |
|---|---|
| **KATHERINE J. (KIT) STAFFORD**<br>**and KALEY REID CALDWELL** | **PLAINTIFFS** |
| **V.** | **CIVIL ACTION NO. 1:22-CV-149-SA-DAS** |
| **SCHWARTZ & ASSOCIATES, P.A.;**<br>**A IS FOR ADVERTISING LLC; and POND5, INC.** | **DEFENDANTS** |

---

### DEFENDANT POND5, INC.'S ANSWER AND AFFIRMATIVE DEFENSES AND CROSSCLAIM AGAINST A IS FOR ADVERTISING LLC

---

Defendant Pond5, Inc. ("Pond5" or "Defendant") files its Answer and Affirmative Defenses to Plaintiffs' Complaint and states the following:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim on which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part due to Plaintiff's failure to mitigate damages.

### THIRD DEFENSE

Upon information and belief, the Complaint is barred, in whole or in part, by waiver, as Plaintiffs have previously allowed the use.

### FOURTH DEFENSE

Plaintiffs' claims against Defendants are barred in whole or in part by one or more of the equitable doctrines of laches, estoppel, or unclean hands.

**FIFTH DEFENSE**

To the extent that Plaintiffs suffered any damage or injury, which Defendants expressly deny, Plaintiffs failed to take necessary steps to mitigate the damage or injury sustained.

**SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in party, by the Communications Decency Act.

**SEVENTH DEFENSE**

Pond5 acted at all times with innocent intent, and if Plaintiffs' rights have been violated as alleged in the Complaint, which allegations Pond5 denies, such violation was entirely innocent, and Defendants did not intentionally, knowingly, recklessly, maliciously or by gross or ordinary negligence participate in any such alleged violation of Plaintiffs' rights.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred by their own negligence or actions. In the alternative, if it is found that Plaintiffs' own actions and/or omissions were a proximate cause, but not the sole proximate cause of Plaintiffs' damages, the damages must be reduced in accordance with Mississippi's doctrine of comparative fault.

**NINTH DEFENSE**

The sole proximate cause or proximate contributing cause of the damages claimed by Plaintiffs, if any, was the negligence of an individual or entity other than Pond5 and for whom Pond5 can have no liability. Pond5 further invokes the provisions of MISS. CODE ANN. §85- 5- 7 to the extent that the negligence of another party or non-party caused or contributed to Plaintiffs' injuries and damages, if any.

**TENTH DEFENSE**

Any alleged copyright infringement by Pond5 was innocent and not willful. Pond5 had no reason to believe that the work at issue in the Complaint was licensed for the use or uses alleged in the Complaint.

**ELEVENTH DEFENSE**

Plaintiffs were not damaged by any alleged copyright infringement. Instead, Plaintiffs benefitted from the public relations and notoriety gained as a result of the alleged copyright infringement.

**TWELFTH DEFENSE**

Plaintiffs elected to recover statutory damages pursuant to 17 U.S.C. §504(c) in their Complaint. Therefore, Plaintiffs are foreclosed from pursuing actual damages and profits from Pond5 pursuant to 17 U.S.C. §504(b).

**THIRTEENTH DEFENSE**

Plaintiffs' alleged damages for infringement should be reduced in accordance with the $200 statutory minimum in 17 U.S.C. §504(c)(2), because any alleged infringement by Pond5 was not willful and Pond5 was not aware and had no reason to believe that its acts constituted an infringement of copyright.

**FOURTEENTH DEFENSE**

Plaintiffs' alleged attorneys' fees are not reasonable or necessary.

**FIFTEENTH DEFENSE**

Pond5 acted with reasonable care at all times.

### SIXTEENTH DEFENSE

Pond5 hereby incorporates and affirmatively asserts those defenses available to it pursuant to Federal Rule of Civil Procedure 8(c).

### SEVENTEENTH DEFENSE

Pond5 pleads all statutory and common law theories of allocation of fault.

### EIGHTEENTH DEFENSE

If it is determined that Plaintiffs have made any form of recovery by way of judgment, settlement, or otherwise for all or part of the alleged damages or liability, Pond5 claims the benefit of such recovery or relief by way of set-off, payment, credit, recoupment, accord and satisfaction, or otherwise.

### NINETEENTH DEFENSE

Plaintiffs' claims are barred to the extent that the allegedly unlawful infringing use of the works was licensed or otherwise authorized, expressly or impliedly, by persons or entities with the right to license or authorize such use.

### TWENTIETH DEFENSE

Plaintiffs lack standing to assert the claims in the Complaint to the extent that they have failed to demonstrate that the allegedly infringing works described in the Complaint are covered under the certificates of registration alleged and/or to the extent that Plaintiffs do not own the copyrights at issue.

### TWENTY-FIRST DEFENSE

Having raised the above defenses, and without waiving these defenses, Defendant Pond5, Inc. hereby responds to the specific allegations contained in the Complaint as follows:

## ANSWER TO THE COMPLAINT

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint, and consequently these allegations are denied.

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint, and consequently these allegations are denied.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first unnumbered paragraph of Paragraph 2 of Plaintiffs' Complaint, and consequently these allegations are denied.

Defendant admits that Pond5, Inc. is a Delaware Corporation with its principal address in New York in the second unnumbered paragraph of Paragraph 2 of Plaintiffs' Complaint. Defendant denies all other allegations contained in all paragraphs of Paragraph 2 of the Complaint. All allegations not expressly admitted are denied.

3.      Defendant admits that jurisdiction is proper in the Northern District of Mississippi, Aberdeen Division.

4.      Defendant admits that venue is proper in the Northern District of Mississippi, Aberdeen Division.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiffs' Complaint, and consequently these allegations are denied.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiffs' Complaint, and consequently these allegations are denied.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint, and consequently these allegations are denied.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint, and consequently these allegations are denied.

9. Defendant denies the allegations of Paragraph 9 of Plaintiffs' Complaint.

10. Defendant denies the allegations of Paragraph 10 of Plaintiffs' Complaint.

11. Defendant denies the allegations of Paragraph 11 of Plaintiffs' Complaint.

12. Defendant denies the allegations of Paragraph 12 of Plaintiffs' Complaint.

Defendant denies all allegations of the final, unnumbered paragraph of Plaintiffs' Complaint beginning "Plaintiffs, therefore," and assert that Plaintiffs are not entitled to any form of relief whatsoever.

Any and all other allegations not heretofore specifically admitted, denied, or otherwise explained are here and now denied.

WHEREFORE, having fully responded to Plaintiffs' Complaint, Defendant Pond5 Inc. prays for the following:

1. that the Court inquire into this matter and dismiss Plaintiffs' Complaint with all costs assessed to Plaintiff;

2. for a trial by jury as to all appropriate factual issues and claims;

3.      for an award of Defendant Pond5's costs and fees against Plaintiffs; and

4.      for all such other and further relief as this Court deems just and proper.

## CROSSCLAIM AGAINST A IS FOR ADVERTISING LLC

Pond5, pursuant to Federal Rule of Civil Procedure 13(g), files its Crossclaim against A Is for Advertising LLC ("AIFA"), and states as follows:

## PARTIES

1.      Pond5 is an online service provider that hosts content created and submitted by non-party users.

2.      Upon information and belief, A is for Advertising ("AIFA") is a South Carolina corporation who may be served with process through its registered agent, Allison Hilton, at 239 Newberry Street Southwest, Aiken, South Carolina 29801.

## FACTS

3.      Pond5 operates one of the world's largest online marketplaces for licensing user generated stock media content ("Content"). Content consists of images, videos, 3D models, sound effects, music tracks and other media types. Pond5 does not create the Content, rather Pond5's network of contributing artists (each a "Contributor" and collectively the "Contributors") create the Content or in certain instances act as agents on behalf of the creators of Content. Pond5's marketplace serves as an intermediary between Contributors and consumers.

4.      Contributors upload their user generated stock media content to Pond5's marketplace for license by Pond5's customers. Uploading media to Pond5's marketplace does not establish a joint enterprise between Pond5 and a Contributor.

5.      In order to license content from the Pond5 marketplace, individuals or entities must create a Pond5 account and agree to the terms of Pond5's Content License Agreement.

6.      AIFA is a registered Pond5 account holder or a "Pond5 user." As a Pond5 user, AIFA is required to agree to the terms of the Pond5 Content License Agreement prior to completing a licensing transaction through the Pond5 website. (See Exhibit "A" License Agreement).

7.      Based upon the allegations in the underlying Complaint, AIFA, through its employees and agents, allegedly obtained video footage of a copyrighted Mural titled *Greetings From Tupelo* (the "Mural") from Pond5's platform. AIFA then used the Mural in a Super Bowl advertisement for Schwartz.

8.      Pond5 expressly disputes that AIFA obtained the mural footage from its platform. Pond5 did not have any knowledge of AIFA allegedly obtaining the Mural footage from its platform until receiving notification from AIFA in a telephone call on or about May 4, 2022, with AIFA's CEO, Allison Hilton.

9.      It is important to note that on the Pond5 website each individual item of Content has its own page (an "Item Page"), additionally each item of Content is given a unique item number (an "Item ID").

10.     During the above-mentioned call, Allison Hilton provided the Pond5 customer service agent with Item ID 119029806, which is the video clip AIFA alleges to have licensed from Pond5. A review of the licensing history of this specific Item of Content reveals that no licenses have ever been issued in connection with this Item of Content (See Exhibit "B" – which is a screen shot of the licensing history for item 119029806 according to Pond5's records as of 2/2/23).

11.     A deeper search into Pond5's database further reveals that a customer with user ID 103773 downloaded a "watermarked" preview of the file on the date of the call (See Exhibit "C").

12.     A review of Pond5's customer records indicates that AIFA's user ID is 103773, which means that the only activity related to item 119029806 was the download of a "watermarked" preview file on the same day that Allison Hilton called Pond5 to inform them of the cease and desist letter AIFA had received from the Plaintiffs. (See Exhibit "D").

13.     Pond5 has made several requests to AIFA to provide any additional information, such as a transaction identification number, receipt or credit card number used for the alleged purchase that would substantiate AIFA's claim that the clip had been licensed from Pond5.

14.     To date AIFA has not produced a receipt, a transaction number or other relevant documentation to substantiate its claim that the Mural footage was licensed from Pond5.

15.     Assuming for the sake of argument that AIFA did purchase a license from Pond5, footage depicting the Mural available on Pond5's platform is marked as "Editorial Content." Per the License Agreement executed by AIFA, restrictions on the use of Editorial Content include, absent Pond5's express and specific written consent, not using Editorial Content in any merchandise, advertisement, endorsement, promotion, advertorial, or other commercial production.

16.     As such, if AIFA did obtain the Mural footage from Pond5's platform, Pond5 did not consent to AIFA's use of the Mural footage in advertising. AIFA's use of the Mural obtained from Pond5 in a commercial for Schwartz was in flagrant violation of the License Agreement's restrictions pertaining to Editorial Content.

17.     Per the License Agreement, AIFA is required to indemnify and hold harmless Pond5 and its Affiliates from and against any and all damages, liabilities, costs, and expenses (including reasonable attorneys' fees and costs) arising out of or relating to any "Use Related Claim" as defined in Section 11 of the License Agreement.

18.     The License Agreement defines a "Use Related Claim" as (a) the particular modifications made to Content after Download; (b) the particular context in which the Content is used; or (c) use of Content not authorized by the License or breach of or failure to carry out an obligation or responsibility assumed by you in this Agreement.

## COUNT I – CONTRACTUAL INDEMNIFICATION

19.     Pond5 reincorporates all allegations contained in the preceding paragraphs of this Crossclaim.

20.     AIFA allegedly downloaded the Mural footage from Pond5's platform that was marked as "Editorial Content." AIFA did not receive written consent from Pond5 to use the Mural footage for commercial purposes as required by the License Agreement.

21.     As such, this use of the Mural footage for a commercial advertisement is a "Use Related Claim" as defined by the License Agreement.

22.     Because Plaintiffs' Complaint against AIFA and Pond5 is based upon a "Use Related Claim" as defined by the License Agreement, AIFA is, in turn, required to indemnify Pond5 for any of the claims or damages asserted in Plaintiffs' Complaint, including attorneys' fees, to which Pond5 may be found responsible.

## DEMAND FOR JUDGMENT

WHEREFORE, Pond5 demands entry of judgment in its favor and against A is for Advertising in the claim set forth against it, including an award of all costs, expenses, and attorneys' fees incurred by Pond5 in connection with this action. Pond5 also demands any further or additional relief that the Court deems just and proper.

Dated:   February 3, 2023.

Respectfully submitted,

**POND5, INC.**

By Its Attorneys,

*/s/Ben T. Woodhouse*
   BEN T. WOODHOUSE

OF COUNSEL:
J. Stephen Kennedy (MS Bar No. 100040)
Ben T. Woodhouse (MS Bar No. 105585)
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
1400 Meadowbrook Road, Suite 100
Jackson, MS 39211
601.499.8077 (Main)
601.499.8078 (Fax)
steve.kennedy@wilsonelser.com
ben.woodhouse@wilsonelser.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I filed the foregoing document with the Court's electronic filing system which forwarded a copy to all counsel of record.

This the 3rd day of February, 2023.

*/s/Ben T. Woodhouse*
   BEN T. WOODHOUSE